

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,940-01

### EX PARTE ERNESTO TIRADO FLORES, JR., AKA ERNESTO FLORES TIRADO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-3072-04-C(1) IN THE 139TH DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends that trial counsel rendered ineffective assistance because she failed to investigate his case and advise him of the deportation consequences of a guilty plea. The trial court made findings of fact and conclusions of law and recommended that we grant relief. On March 12, 2014, we remanded this application and directed the trial court to state whether its recommendation

was based on counsel's failure to investigate, her advice regarding deportation, or both. We also directed the trial court to determine the credibility of counsel's testimony and Applicant's father's affidavit. Finally, we directed the trial court to determine whether counsel was deficient for not investigating Applicant's case and whether Applicant had established that he would have insisted on a trial but for counsel's conduct.

On remand, the trial court made further findings of fact and conclusions of law. It concluded, among other things, that Applicant would have gone to trial if he had been advised of the consequences of his plea. This finding is consistent with Applicant's sworn affidavit. As he wrote, "If I had known that pleading guilty to this charge would have made me an aggravated felon for immigration purposes, I never would have had pled guilty. I would have taken my case to a jury." Applicant, however, has no right to relief under *Padilla v. Kentucky*, 559 U.S. 356 (2010). The rule announced in that decision is not retroactive on collateral review. *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013).

We believe that the record is not sufficient to resolve Applicant's claim. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may also use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant would have insisted on a trial and pleaded not guilty but for counsel's failure to investigate his case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish